### In re Estate of Herbert H. Leonard

[318 A.2d 179]

No. 200-73

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed April 2, 1974

*Harold J. Gilbar, Jr., Esq.,* Bennington, for Estate of Herbert H. Leonard.

*Glen L. Yates, Esq.,* of *Pierson, Affolter & Amidon,* Burlington, for Wright & Morrissey, Inc.

**Daley, J.** This is an appeal by the executors of the estate of Herbert H. Leonard from dismissal of their petition in Bennington County Court for lack of subject matter jurisdiction. Mr. Leonard died early in 1972, leaving in his will a bequest of five thousand dollars to the Young Men's Christian Association of Bennington, Vermont, expressing the hope that the funds would be applied toward a new building or other capital improvement. At the time of his death, the Bennington Y.M.C.A. was a nonfunctioning organization.

Mr. Leonard had previously played a central role in a drive to raise funds for a Y.M.C.A. facility in Bennington. Construction of the facility was begun, but the project terminated late in 1970, deeply in debt and lacking funds to continue. Wright & Morrissey, Inc., appellee here, was the general contractor on the defunct building project.

The executors sought to have the bequest applied to charity to fulfill as nearly as possible the general charitable intention of the testator, invoking the equitable rule of *cy pres*, codified in 14 V.S.A. § 2328. Wright & Morrissey, Inc., appeared in opposition to the executors' petition as assignee of the Bennington Y.M.C.A.'s interest in the bequest. When the will was probated, the bequest was decreed to the Bennington County Court Clerk to be held and paid over in accordance with the county court's disposition of the matter. Subsequently, the county court dismissed the matter pursuant to V.R.C.P. 12(h)(3).

*Cy pres* is a rule of construction in equity such as would have been applied historically in the courts of chancery. When chancery was formally abolished in 1971 by the Legislature, the powers formerly exercised by the chancellor were dealt with in 4 V.S.A. § 219, which reads as follows:

> All rights, powers and duties of a chancellor shall vest exclusively in the presiding judges of the county courts and the powers and jurisdiction of the courts that were heretofore vested in the courts of chancery shall vest in the county courts. District and probate judges shall have the powers of a chancellor in passing upon all civil matters which may come before them.

The provision relating to district and probate judges was added by way of amendment. No. 185, § 14, of the Public Acts of 1971 (Adj. Sess.).

The county court dismissal was predicated on a common law rule that the court of chancery, now the presiding judge of a county court, has no original jurisdiction over probate matters if the probate court can reasonably and adequately handle the question. *In re Bayley Trust*, 127 Vt. 380, 250 A.2d 516 (1969); *In re Mahoney Estate*, 126 Vt. 31, 220 A.2d 475 (1966); *In re Will of Prudenzano*, 116 Vt. 55, 68 A.2d 704

(1949) ; see *Heirs of Adams* v. *Adams' Adm'rs*, 22 Vt. 50, 57 et seq. (1849). The lower court concluded that 4 V.S.A. § 219, as amended, gave the probate court adequate powers to deal with the *cy pres* question, and that the county court, as a result, had no original jurisdiction.

However, the common law rule has no effect over *cy pres* as contained in 14 V.S.A. § 2328. Section 2328 gives express jurisdiction to "the court of chancery" to order administration of a bequest according to the rule of *cy pres*. This provision has not been repealed, or amended, except that the Legislature provided, by the same enactment which amended 4 V.S.A. § 219, that the term "court of chancery" shall be taken to mean "a county court held by the presiding judge alone, sitting without a jury." No. 185, § 236, of the Public Acts of 1971 (Adj. Sess.).

4 V.S.A. § 219, insofar as it relates to probate courts, speaks only to the powers that court may properly exercise once its jurisdiction has been established. 14 V.S.A. § 2328 is specifically directed to the jurisdiction of the presiding judge of county court over matters involving *cy pres*. Appellants correctly invoked § 2328 in their petition to the county court. We hold, therefore, that the dismissal for lack of subject matter jurisdiction was in error.

*Judgment reversed; cause remanded to Bennington County Court for hearing.*