505 A.2d 1214 (1985)
In re V.C.
No. 84-414.
Supreme Court of Vermont.
December 20, 1985.
*1215 Elliot M. Burg and Oliver Twombly, Law Clerk (on brief), South Royalton Legal Clinic, South Royalton, for plaintiff-appellee.
Jeffrey L. Amestoy, Atty. Gen., Montpelier, John K. Dunleavy, Asst. Atty. Gen., and John Fairbanks, Law Clerk (on brief), Waterbury, for defendant-appellant.
Before ALLEN, C.J., and HILL, UNDERWOOD, PECK and GIBSON, JJ.
PECK, Justice.
This is an appeal of an order of the special unit of the district court at Waterbury, directing the Commissioner of Mental Health to place a patient, V.C., in a Connecticut facility which provides treatment for brain-damaged persons. The district court found that the Vermont State Hospital was not providing adequate treatment and that the Connecticut facility could provide treatment adequate for V.C.'s needs.
The Commissioner of Mental Health appealed, claiming that the district court lacked the authority to order the Commissioner to place V.C. in the Connecticut facility. We agree with appellant and remand for a new order.
The facts in this case are undisputed. In 1977, V.C. attempted unsuccessfully to hang herself, resulting in permanent brain damage. In 1978, V.C. was committed to Vermont State Hospital (VSH). V.C. had two brief placements outside of VSH, but neither program offered sufficient services for her particular needs. The trial court found that during the first four years of her stay at VSH, there was adequate and qualified staff, behavioral programming, and stimulating intellectual and outdoor activities. V.C.'s condition improved significantly. After 1982, however, the treatment programs at VSH were drastically reduced. At the time of the hearing, V.C. was receiving drug therapy and custodial care, but no "treatment." The trial court found that she had significantly regressed, from being able to read, write and speak in sentences, to being persistently mute. Her self-care habits have deteriorated, and her combative behavior has worsened.
In 1983, V.C. filed an application for discharge under 18 V.S.A. § 7801 alleging that VSH was not providing adequate treatment and asking the court to order the Commissioner to provide adequate treatment.
At the hearing, the trial court concluded that V.C. was a patient in need of further treatment. 18 V.S.A. § 7801(d); 18 V.S.A. § 7101(16). It then concluded that V.C. had a statutory right to adequate treatment under 18 V.S.A. § 7617(e), and a protected liberty interest under the United States Constitution. The trial court further concluded that V.C.'s treatment at VSH was inadequate and inappropriate and that there was no facility in Vermont where V.C. could be adequately treated. Therefore, it ordered the Commissioner to place V.C. in the New Medico Facility in Connecticut.
*1216 The Commissioner appealed claiming that the district court does not have jurisdiction to make such an order; that even if it does have jurisdiction, equity should not intervene where there exists an adequate remedy at law; and that the court wrongly interpreted the statute.
We are not persuaded by the Commissioner's argument that 4 V.S.A. § 436a (Cum.Supp.1985) negates the exercise of equitable powers by the special district court at Waterbury. 4 V.S.A. § 436a provides that the special unit was established "for the sole purpose of exercising jurisdiction over applications for treatment of mentally ill individuals under Title 18." It also states that the "special unit shall not exercise any other civil or criminal jurisdiction otherwise exercised by the district court created under section 436 of this title." The phrase "other civil or criminal jurisdiction" clearly refers to subject matter jurisdiction, but there is no indication that the district court's equitable powers are limited in hearing cases properly within that jurisdiction. Certainly 4 V.S.A. § 219, which grants the powers of a chancellor to district court judges in civil matters, does not limit the power of the special unit of the district court. Once subject matter jurisdiction is established under 4 V.S.A. § 436a, then the court can exercise the powers as provided by 4 V.S.A. § 219. See In re Estate of Leonard, 132 Vt. 348, 350, 318 A.2d 179, 180 (1974). (4 V.S.A. § 219 refers to the powers the court may exercise once its jurisdiction is established).
We now turn to the mental health statute. Under 18 V.S.A. § 7801, a patient who has been committed to VSH may apply, within certain time frames, to the district court for discharge. The court is given several options in hearings for applications for discharge. First, if the court finds that the applicant is not a patient in need of further treatment, it shall order the patient discharged. 18 V.S.A. § 7801(c). Second, if the court finds that the applicant is a patient in need of further treatment, it must deny the application and order continued treatment in accord with § 7621(b), (c) and (d). 18 V.S.A. § 7801(d).
The Commissioner does not argue that V.C. has no statutory right to adequate treatment, apparently agreeing that § 7617(e) applies in an application for discharge hearing under § 7801. See In re R.A., 146 Vt. 289, 501 A.2d 743 (1985). Section 7617(e) provides in pertinent part: "[h]ospitalization shall not be ordered unless the hospital in which the person is to be hospitalized can provide him with treatment which is adequate and appropriate to his condition." We agree that V.C. has a statutory right to adequate treatment. 18 V.S.A. § 7617(e); § 7703(b); policy statement, 1977, No. 252 (Adj.Sess.), § 1. We find that the district court has the authority to enforce this right by ordering the Commissioner to provide adequate treatment. In re A.C., 144 Vt. 37, 44, 470 A.2d 1191, 1195 (1984).
The question is how may the court frame an order enforcing the statutory right to adequate treatment? Our decision in In re M.G., 137 Vt. 521, 408 A.2d 653 (1979), which addressed the rights of mentally retarded residents at the Brandon Training School to placement in the community, offers some guidance. The statute at issue in that case required the court to find that a student was receiving adequate treatment which was not available in a less restrictive environment before ordering continued admission. 18 V.S.A. § 8810(e) (repealed 1979); now see 18 V.S.A. §§ 8828, 8834(e). In deciding whether the state was under a duty to provide alternative placement for an individual when no alternative currently existed, we said, "a judge sitting on these reviews may certainly require the state to make its best efforts to find appropriate placements for students who are properly eligible to leave the school." In re M.G., supra, 137 Vt. at 530, 408 A.2d at 658. We find no broader authority here, and therefore, we hold that when a patient is not receiving adequate treatment at VSH, the district court may order the Commissioner *1217 to make his best efforts to find an appropriate placement which will provide adequate treatment. We emphasize that this discretion is not an invitation to delay or inaction.
In the present case, however, we find that the court went beyond this limit by ordering the Commissioner to place V.C. in a specific treatment facility outside the state. Although the statute imposes a duty to provide adequate treatment to hospitalized patients in Vermont, 18 V.S.A. § 7617(e); policy, supra, and it provides that the court may order programs of treatment other than hospitalization, 18 V.S.A. §§ 7617(b)(3), 7621(c), 7618(a), it does not contemplate ordering the Commissioner to place patients in out-of-state facilities. See In re M.G., supra, at 526, 408 A.2d at 656. While the Commissioner may decide to implement new treatment programs or send some patients out of state to insure the adequacy of treatment for the mentally ill, the specific means of complying with the law are within his special expertise. See In re A.C., supra, at 43-44, 470 A.2d at 1195.
Because we reverse and remand on state statutory grounds for a new order consistent with this opinion, we need not address the other issues raised by appellant.
Reversed and remanded.